FRANCINE ANTOINETTE SALAS
1126 IATIGO Cove Unit 2 C.V., CA 91913
(619) 240-6312

FILED
2008 FEB -4 AM 11:43
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____KMA____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Mrs. Francine Antoinette Salas

v.

Cintas Corporation, DBA Cintas First Aid & Safety
dba Affirmed Medical

Civil No. **08 CV 0208 JM AJB**

REQUEST FOR APPOINTMENT OF
COUNSEL UNDER THE CIVIL RIGHTS
ACT OF 1964, 42 U.S.C. 2000e 5(f)(1);
DECLARATION IN SUPPORT OF
REQUEST

1.  I, the plaintiff in the above-entitled employment discrimination action, request that the court appoint an attorney to represent me in this matter. In support of this request, I state as follows:

    A.  my claim is meritorious (that is, I have a good case), and

    B.  I have made a reasonably diligent effort to obtain counsel, and

    C.  I am unable to find an attorney willing to represent me on terms that I can afford.

2.  A copy of the Notice-of-Right-to-Sue-Letter I received from the Equal Opportunity Commission is attached to the complaint which accompanies this request for counsel.

3.  A.  Does the Notice-of-Right-to-Sue-Letter show that the Commission found "no reasonable cause" to believe the allegations made in your charge were true?

    ____ Yes        ____ No

2-4-08  /s/ FA Salas

::ODMA\PCDOCS\WORDPERFECT\23126\1 May 27, 1999 (3:47pm)                        1

IF YOUR ANSWER IS "YES," YOU MUST ATTACH A COPY OF THE COMMISSION'S INVESTIGATIVE FILE TO THIS REQUEST AND ANSWER QUESTIONS B AND C.

      B.    Do you question the correctness of the Commission's "no reasonable cause" determination?

      \_\_\_\_ Yes      \_\_\_\_ No

      C.  If you answered "yes" to question 3B, what are your reasons for questioning the Commission's determination?  <u>Be specific and support your objections with fact.  Do not simply repeat the allegations made in your complaint; the court will review your complaint in considering this request for counsel</u>.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as needed)

```
 1       4.      Have you talked with any attorney about handling your claim?
 2               _X_ Yes          ___ No
 3       If "YES," give the following information about each attorney with whom you talked:
 4   Attorney: Mr. Jason Oringer
 5   When: 5/24/07
 6   Where: UNITE HERE Union Organization rep.
 7   How (by telephone, in person, etc.): By telephone
 8   Why attorney was not employed to handle your claim: Located in Northern Bay area, and was
 9   dealing with a major Union contract and trial.
10
11
12   Attorney: _____
13   When: _____
14   Where: _____
15   How (by telephone, in person, etc.): _____
16   Why attorney was not employed to handle your claim:
17
18
19
20   Attorney: _____
21   When: _____
22   Where: _____
23   How (by telephone, in person, etc.): _____
24   Why attorney was not employed to handle your claim:
25
26
27
28   (Attach additional sheets as needed)
```

5. Explain any other efforts you have made to contact an attorney to handle your claim:

I have called many local attorney's but failed to find one that would take my case without any money down. My finances were now very limited since my termination from Cintas. Thus I called the DFHE, and the EEOC, and they directed me to the Federal courts in San Diego, and to file with them.

6. Give any other information which supports your application for the court to appoint an attorney for you: I have prior knowledge of paralegal research, and I am willing to do what ever I can, as my time may permit to process any administrative work and or letters, to move along and aid the progress in my case.

7. Give the name and address of each attorney who has represented you in the last 10 years for any purpose: N/A

(Attach additional sheets as needed)

8. I cannot afford to obtain a private attorney. The details of my financial situation are listed below:

    A.    <u>Employment</u>

Are you employed now?  **x** yes  ___ no  ___ am self-employed

Name and address of employer:

Recon Native Plants, Inc.
1755 Saturn Blvd.
San Diego, CA  92154

If employed, how much do you earn per month? $2,000.00

If not employed, give month and year of last employment: _____

How much did you earn per month in your last employment? $3,200.00

If married, is your spouse employed? _x_ yes ___ no

If "YES," how much does your spouse earn per month? $4,000.00

If you are a minor under age 21, what is your parents' or guardians' approximate monthly income? _____

    B.    <u>Assets</u>

        (i)    <u>Other Income</u>

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement of annuity payments or other sources? ___ yes _x_ no

If "YES," give the amount received and identify the sources:

<u>$ Received</u>                <u>Source</u>

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as necessary)

1  (ii)  Cash

2  Have you any cash on hand or money in savings or checking accounts? ___ yes _X_ no

3  If "YES," state total amount: _____

4  (iii)  Property

5  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property

6  (excluding ordinary household furnishings and clothing)? _X_ yes ___ no

7  If "YES," give value and describe it:

8  | Value | Description |
   | --- | --- |
   | $4,000.00 | 1999 Chevy Camaro Coupe |

15  C.  Obligations and Debts

16  (i)  Dependents

17  Your marital state is: ___ single _X_ married ___ widowed, separated or divorced.

18  Your total number of dependents is: 3

19  List those person you actually support, your relationship to them, and your monthly

20  contribution to their support:

21  | Name/Relationship | Monthly Support Payment |
    | --- | --- |
    | PRISCILLA MARIE GONZALES / MOTHER | 100% |
    | KAMRIN MARIE GONZALES / MOTHER | 100% |

1                  (ii)     <u>Debts and Monthly Bills</u>

2     List all creditors, including banks, loan companies and charge accounts, etc.

3         <u>Creditor</u>                      <u>Total Debt</u>               <u>Monthly Payment</u>

4 Rent: _____

5 Mortgage

6 on Home: Chase Mortgage            $339,000.00              $2,400.00

7 Others:

8 SAN DIEGO TAX COLLECTOR (currently in default) $7000
Insurance $153/Mo

9 Childcare $ 500/Mo
HOA $130/Mo

10 Utilities $300/Mo
Credit Card debt (Total estimate) $20,000

11 DDS. Jerry Masemie (balance for daughter's braces) $450

15     9.      <u>Signature</u>

16        I declare under penalty of perjury that the above is true and correct.

18 Dated: 2-4-08

20                                              Signature

21 (Notarization is not required)

# * * * EMPLOYMENT * * *

| | |
|---|---|
| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # E200607-D-1534-00-se<br>EEOC # 37AA71-3336 |

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

**COMPLAINANT'S NAME** (indicate Mr. or Ms.)
SALAS, FRANCINE ANTOINETTE (MS.)

**ADDRESS:** 1126 LATIGO COVE #2
**TELEPHONE NUMBER:** (619) 962-9435

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| CHULA VISTA | CA | 91915 | SAN DIEGO | 073 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

**NAME:** CINTAS CORP dba AFFIRMED MEDICAL INC.
**ADDRESS:** 6440 LUSK BLVD. D108
**TELEPHONE NUMBER:** (858) 458-5900

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| SAN DIEGO | CA | 92121 | SAN DIEGO | 073 |

**CAUSE OF DISCRIMINATION BASED ON** (CHECK APPROPRIATE BOX[ES])
☐ RACE  ☒ SEX  ☐ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ DENIAL OF FAMILY/MEDICAL LEAVE  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ MEDICAL CONDITION (cancer or genetic characteristics)  ☐ OTHER (SPECIFY) _____

**NO. OF EMPLOYEES/MEMBERS:** 1000
**DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE** (month, day, and year): May 24, 2007
**RESPONDENT CODE:** 73

**THE PARTICULARS ARE:**

I. ON MAY 15, 2007, I WAS DENIED REINSTATEMENT TO MY POSITION OF OFFICE LEAD AND TERMINATED ON MAY 24, 2007 PAYNG $19.49 PER HOUR. I WAS HIRED ON MAY 5, 2004.

II. JOHN SABRAL, BRANCH MANAGER, SAID MY EMPLOYMENT HERE WAS TERMINATED.

III. I WAS DENIED REINSTATEMENT TO MY FORMER POSITION UPON RETURN FROM PREGNANCY DISABILITY LEAVE AND TERMINATED BECAUSE THE SAME TERMS AND CONDITIONS IN THE PERFORMANCE OF THIS POSITION WERE DENIED. THIS IS DISCRIMINATION DUE TO SEX, FEMALE. I BASE MY BELIEFS AS FOLLOWS:

   A. ON MAY 15, 2007, I WAS DENIED REINSTATEMENT AS OFFICE LEAD WHEN DENIED COMPUTER ACCESS TO PERFORM MY FORMER DUTIES AND TOLD TO STAY IN MY SIDE OF THE OFFICE AWAY FROM THE OTHER STAFF BY JOHN SABRAL.

   B. I COMPLAINED ON JUNE 16, 2007 TO KEN ESLICK, REGIONAL BUSINESS MANAGER ABOUT THE ACTIONS OF MR. SABRAL TO PREVENT ME FROM PERFORMING MY OFFICE LEAD DUTIES. ON MAY 22, 2007 ASHLEY GRAEHEK, HUMAN RESOURCES MANAGER CALLED ME TO DOCUMENT THE CONCERNS I DISCUSSED WITH MR. ESLICK.

   C. MAY 24, 2007, MR. ESLICK SUSPENDED ME AND SAID THERE WERE COMPLAINTS AGAINST ME. THIS IS NOT TRUE, BECAUSE MR. SABRAL KEPT ME AWAY FROM THE OTHER EMPLOYEES. THE ONLY COMPLAINTS WOULD HAVE BEEN ME TRYING TO SECURE THE TOOLS I NEEDED TO PERFORM MY FORMER DUTIES AND OTHER INAPPROPRIATE ISSUES I BROUGHT FORWARD THAT ARE NOT BASED ON DISCRIMINATION.

Typed and mailed for signature June 18, 2007

☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 6-18-2007
At San Diego
City

COMPLAINT'S SIGNATURE: *Francine A Salas*

RECEIVED JUN 2 5 2007 SAN DIEGO DISTRICT OFFICE

DFEH-300-01 (12/99)    SD:JM:af
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING   STATE OF CALIFORNIA
DATE FILED: June 25, 2007

1- DOCUMENT (1) LETTER TO THE EEOC, IN REGARDS TO THE DFHE'S FINDINGS IN MY ORIGINAL COMPLAINT FILED WITH DFHE, IN JUNE 2007.

August 31, 2007

To: U.S. Equal Employment Opportunity Commission;
Re: Case # 37AA713336

      I am requesting for a review of my complaint against Cintas Corp. Not only were the forwarded responses incorrect and untrue, I was told by the State investigator that he would first get call the witnesses and take their statements down, to verify that statements sent by Ms. Bean were not chorused, and after that he would call me back. The conversation with Mr. Spencer was very brief and he said that the reason for my termination was for some different accusation from another employee, Jason Gray. But I had never had a problem with this person, and the statement I was read was that I was accused of cursing him out, not being true in my defense. There is a witness to this incident and she was not even contacted about this as I was told she would be. Another reason is that this little incident occurred with a Current employee that is still employed with Cintas. Mark Colbert had yelled and cursed out two sales reps, Lanny Pierson, and Joe Yancy, Joe Yancy no longer works at Cintas. Lanny Pierson would be your key witness in testifying that Mark has cursed, and not work well with others. Another situation occurred when Mark called up another location and called the person on the phone a "crack-head", her manager then called up to our location and spoke to John Sobral, the branch manager, and told him that Mark Colbert's remarks were unacceptable, but yet there were no disciplinary actions taken or any form of write-up, was done by John Sobral. As of today Mark Colbert is still currently employed at this Cintas location.

      Now as for the new reasons sent to me as to why I was termination are not true and are not the policy for Cintas in regards to Job positions. I expressed to John that I would like to know a little more of what the position had to offer, I never accepted nor was I presented with a new employment agreement prior to me going in Maternity Leave. One week before I left went into labor, this OSI position was discussed, and I was told we would further discuss this next week. That next week I went into labor two weeks early, I wasn't scheduled to go into labor until March 22, 2007.

      Ms. Bean, the legal representative for Cintas, who responded, has never been to the location I worked at, nor was she there to witness any employment practices that went on. After receiving and reading the letter sent from the State of California dept. of fair housing and employment that was the first time I had ever known of a Helen Bean.

      Another witness, who was never called about the statement she so-called made against me, was Michelle Gonzales, She is my sister-in law and was the one who could best verify all that went on during my maternity leave and all the position changes that occurred as well. Currently Michelle is also being targeted for retaliation for the fact that she is my relative and has a complaint in process against them with a private attorney. Michelle Gonzales, is still currently employed at Cintas, and she informed me that no one has called from the State of California Department of fair employment and housing, in

1- DOCUMENT (1) LETTER TO THE EEOC, IN REGARDS TO THE DFHE'S FINDINGS IN MY ORIGINAL COMPLAINT FILED WITH DFHE, IN JUNE 2007.

regards to the statement, the documents that Helen Bean sent to the State of California Department of fair employment and housing. Michelle was a key witness who can testify that during my leave Michelle asked Mikelle Seile, the person who assumed my position of office lead, " what if Francine does not accept the OSI position"?, and Mikelle responded, " Oh well that's all she is going to get". Michelle Gonzales can be reached at (619) 252-1095.

They day I was terminated; I requested for a copy of my personnel file and I have that in my possession. In my file is a history of excellent performance reviews, and a recent one done at the end of January of this year, which increased my pay by the highest percentage which is six. Normally the max increase for a raise is four percent, but I received a six percent, that was approved by Ken Eslick, the Regional Business Director, whom John Sobral reports to. If anything shows how untrue these accusations are would be the reviews, and NO written warnings, or documenting of any kind in regards to my work ethics, were non-existent in my file.

I have included a copy of my original complaint filed. I have plenty of documentation, and evidence to support the complaint, but I am not sure what all I actually need to send in writing, please call me at my number listed below or in writing of what else I can provide. I was terminated based on the fact that I had a baby, and John Sobral felt I wouldn't be able to continue in my same position, because of that, as he stated the reason I was to take the OSI coordinator position, his words were, I feel you would do a great job, and you would be able to work from home and spend time with the new little one. I never agreed to any position change, I was put in that position during my leave unaware of the change, and Mikelle Seile, assumed my Position as Office Lead during my Maternity leave. These changes were done while I was on FMLA leave, and I was unaware of them until I returned on May 9, 2007. The pay was less for the OSI position and the pay would be based on commission sales, which I was never aware of.

Another witness you can contact who is still currently employed at Cintas, is Lanny Pierson (858) 748-2537.

I can also forward you a copy of my personnel file as back-up of my work history at Cintas.

Thank you for your time in reviewing my complaint, and that is Not be closed, but in-fact re-evaluated and investigated more effectively.


Francine A. Salas
(619) 240-6312
1126 Latigo Cove unit 2
Chula Vista, CA  91915

EEOC Form 161 (3/98)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | FRANCINE ANTOIN SALAS<br>1126 Latigo Cove #2<br>Chula Vista, CA 91915 | From: | Los Angeles District Office<br>255 E. Temple St. 4th<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 37A-2007-13336 | Legal Officer of the Day | (213) 894-1096 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Olophius E. Perry;
District Director

November 5, 2007
(Date Mailed)

Enclosures(s)

cc:  CINTAS CORP DBA AFFIRMED MEDICAL IN
6440 Lusk Blvd. D108
San Diego, CA 92121

STATE OF CALIFORNIA - State and Consumer Services Agency                                                                                      Arnold Schwarzenegger, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101-3610
(619) 645-2681  TTY (800) 700-2320  Fax (619) 645-2683
www.dfeh.ca.gov

August 28, 2007

Francine Salas
1126 La Tigo Cove, #2
Chula Vista, CA 91915

RE:   DFEH# E200607-D-1534-00-SE  /  EEOC# 37AA713336
      <u>SALAS / CINTAS CORP dba AFIFRMED MEDICAL INC.</u>

Dear Ms. Salas:

This is to advise you that your allegation of discrimination cannot be sustained because we have been unable to find sufficient evidence to prove a violation of the law enforced by this agency. The file has been reviewed by the District Administrator who concurs with my evaluation.

The statements listed below may not represent all of the information that has been considered. They are a summary of the major points on which the closure recommendation is based. Please read the statements carefully and contact me immediately if you have additional relevant information that should be considered. Any additional information must be submitted within fourteen (14) days from the date of this letter. At the end of that period, your case will be submitted to the District Administrator for formal closure.

### Basis for Closure Recommendation

A. I called you on August 16, 2007 and reviewed with you the employer's response and the status of the information obtained during your employment discrimination complaint. The following is a summary of the information obtained during the investigation.

B. In your DFEH complaint, you alleged that you were denied reinstatement to your former position upon return from your pregnancy disability leave and terminated because the same terms and conditions in the performance of your position were denied. To support your discrimination allegations you reported the following:

- On May 15, 2007, you were denied reinstatement as Office Lead when denied computer access to perform your former duties and told to stay on your side of the office away from the other staff by John Sobral.

DFEH# E200607-D-1534-00-SE / EEOC# 37AA713336
SALAS / CINTAS CORP dba AFIFRMED MEDICAL INC.
Page Two

- You complained on June 16, 2007 to Ken Eslick, Regional Business Manager about the actions of Mr. Sobral to prevent you from performing your Office Lead duties. On May 22, 2007, Ashley Graehek, Human Resources Manager called you to document the concerns you discussed with Mr. Eslick.

- On May 24, 2007, Mr. Eslick suspended you and said there were complaints against you. This is not true, but Mr. Sobral kept you away from the other employee. The only complaints would have been you trying to secure the tools you needed to perform your former duties and other inappropriate issues you brought forward that are not based on discrimination.

C. Helen Bean, Respondent Representative, denied your discrimination allegations and reported that you were terminated for non-discriminatory reasons based on your inappropriate conduct in the workplace. She reported that you had expressed an interest in expanding your knowledge of Cintas operations. A review of a memo you submitted corroborates her statement. In the memo you wrote: *":...I would like to sometime be a sales-rep on a part-time bases to learn the whole sale routine. Also I would like to follow John Sobral, if possible because a great boss is hard to find..."*

D. Ms. Bean reported that just prior to your maternity leave, you learned that Mr. Sobral was interviewing candidates for the Occupational Safety Instructor Coordinator (OSI Coordinator) position and were upset because you were not approached about the opportunity. Mr. Sobral reported that after he learned you were interested in the position, he discussed the position with you. He said that you indicated the flexibility of the job and the higher compensation appealed to you due to the impending birth of your child.

E. Mr. Sobral stated that he determined that you would be a good fit and advised you that he would hold the position open for you. He said you were excited about the opportunity and discussed it with several employees. A review of documents corroborated his statement. In an e-mail dated May 29, 2007, a witness stated the following:

DFEH# E200607-D-1534-00-SE  /  EEOC# 37AA713336
SALAS / CINTAS CORP dba AFIFRMED MEDICAL INC.
Page Three

> "...On the week before Francine went on maternity leave she and I had a conversation on the new position she would be transitioning into when she came back to work. This new position was one that had just become vacant with Rick leaving. The position was OSI coordinator. I asked her why she would want to move into the new position and she said that it had numerous advantages over your current position. These new benefits she lists as: Being able to work from home / Flexible schedule / Car allowance / Car Insurance / Gas Card / but most of all she had watched how Rick had worked and she thought it would be much easier work, less work and more money. We finished our conversation and I had no contact with her until Wednesday May 23, 2007. That was a phone conversation that I had at days end as I called in my daily numbers. The phone was answered by Francine using the speakerphone option and saying "Cintas First Aid" I asked her to pick up the head set and then I gave her my numbers and she hung up..."

F. A further review of documents submitted to the Department revealed that, Kim Pike OSI Trainer wrote a declaration that stated the following:

> "...During the course of looking for an OSI replacement for Rick High, Francine Salas brought to my attention that she would like to be the OSI Coordinator following her maternity leave..." "...Before Francine left on maternity leave, John and I sat down with her to make sure that she truly wanted to become the OSI Coordinator. Francine stated very clearly that she thought it would be the perfect fit since she would have a new baby, it would allow her to grow within the company and possible to the second OSI Trainer. John held the position open for her during that time and I continually tried to call Francine to see when her return date would be to see when I could sit down and train her in the new position...."

G. These witness statements undermine your allegation that you were forced into the *OSI Coordinator* position against your will and that it was for less money.

H. Ms. Bean stated that after deciding to award you the OSI Coordinator position, he discontinued interviewing other candidates and started to make adjustments in staffing. She reported that you returned to work on May 8, 2007 as planned and assumed the role and duties of the OSI Coordinator and worked the whole day with the OSI Trainer Kimberly Pike.

DFEH# E200607-D-1534-00-SE  /  EEOC# 37AA713336
SALAS / CINTAS CORP dba AFIFRMED MEDICAL INC.
Page Four

I. You were scheduled for a vacation from May 10, 2007 through May 15, 2007. Ms. Sobral reported that the day prior to your expected return from vacation, you sent him an e-mail message indicating that you were no longer interested in the OSI Coordinator position and you wanted your Office Lead position back. He said you offered no explanation for your change of heart.

J. Mr. Sobral said that following your request, he re-adjusted the office personnel immediately to accommodate your request. Your computer access rights had to be modified because it had been expected you would be filing the OSI Coordinator position on a permanent basis. Based on your assignment to the OSI Coordinator position your user profile and computer access rights had been changed to provide your access to the OSI systems and to discontinue your access to the general office systems.

K. Ms. Bean pointed out that contrary to your allegation that you were denied access to your computer to perform your duties, you made the decision to return back to the Office Lead position without prior notice. As a consequence, you did not have access to the office systems until the process had been completed.

L. Ms. Bean reported that shortly after your return to the office, several anonymous calls were placed to the Company's compliance hotline complaining about the office environment. Mr. Sobral stated that he received complaints regarding the tension you were creating in the office. A review of witness e-mails corroborated his statement. In an e-mail written on May 21, 2007, a witness stated the following:

"...I find the tension in the office is mounting as Francine tries to reassert her authority through bullying and scare tactics. I have been approached by several people making comments that they are having to play the "game" with her again for feat that Francine or Michelle (who Francine required to do her bidding) will "screw" them over. I have advised these individuals to put their complaints in writing and submit them to me..."
"...Finally I will say I have yet to see Francine do any work at her desk. Today, during the time I was in the office, I watched her go through your and Ken's calendar, go through her e-mails and make several personal calls..."

DFEH# E200607-D-1534-00-SE  /  EEOC# 37AA713336
SALAS / CINTAS CORP dba AFIFRMED MEDICAL INC.
Page Five

M. Another witness submitted the memo stated the following: "...The office problems are centered on Francine and she constantly back stabs partners and acts like a control freak..." In your complaint you alleged that there were no complaints about you. A review of witness testimony established that every office employee interviewed expressed concerns regarding your behavior, including one of your relatives. This information undermines your allegation that there were no complaints about you.

N. The reason for your termination is unrelated to your pregnancy, or any of the other protected bases covered under the California Fair Employment and Housing Act (FEHA). You provided no comparative data of any other co-workers who were also accused the same job performance issues, yet were not terminated.

O. The Department of Fair Employment and Housing is a neutral fact finding agency. We do not represent you or the Respondent in the course of our investigation. However, as the complaining party in the process, you have the burden that a preponderance of the information will support your allegations. We sometimes find ourselves in situations where the information does not support one side or the other, or the information supports both sides in an issue equally.

P. We also sometimes find ourselves in situations where there is no independent or third party source of information to clarify an issue (i.e., their word against yours). In situations such as these we can conclude that the preponderance does not support the underlying allegations. In this case, there was no evidence that established you were denied reinstatement to your former position upon return from your pregnancy disability leave and terminated, in violation of the California Fair Employment and Housing Act (FEHA).

Q. The Department of Fair Employment and Housing has a work share agreement with the U.S. Equal Employment Opportunity Commission (EEOC). As part of this work sharing agreement, you can request that the EEOC conduct a weight review to determine if further investigation is warranted.

DFEH# E200607-D-1534-00-SE  /  EEOC# 37AA713336
SALAS / CINTAS CORP dba AFIFRMED MEDICAL INC.
Page Six

R. To request such a review, you must submit a written request to EEOC within 15 days of the "NOTICE OF CASE CLOSURE". When writing to the EEOC, please reference your EEOC case # 37AA713336. The EEOC address for requesting such a review is:

U.S. Equal Employment Opportunity Commission
255 E. Temple Street, Fourth Floor
Los Angeles, CA 90012

I regret that I could not have been of further assistance in this matter. If you have any questions, feel free to contact me at the telephone number listed below.

Sincerely,

STEVE SPENCER
Consultant
Telephone Number: 619.645.2687