cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCINE ANTOINETTE SALAS, ) | Civil No.08CV208 JM (AJB) |
| ) | |
| Plaintiff, ) | |
| v. ) | Order Denying Request for |
| ) | Appointment of Counsel |
| CINTAS CORPORATION, ) | [Doc. No. 3] |
| DBA FIRST AID & SAFETY, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff in the above entitled employment discrimination action has filed a request for appointment of counsel. Plaintiff argues that an appointment of counsel is warranted in this case because her claim is meritorious, she has made a reasonable and diligent effort to obtain counsel and has been unable to find an attorney to represent her on terms that she can afford. Based upon Plaintiff's application and a review of the pleadings in this case, the Court concludes that there is no basis for appointment of counsel at this point in the proceedings.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 42 U.S.C. § 2000e-5(f)(1)(B), to "request"

that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.[1] *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). There are three factors which are relevant to the determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Treasury Dept.*, 27 F.3d 415, 417 (9th Cir. 1994).

Here, this Court does not find that the Plaintiff has adequately supported her claim that she is unable to pay the retainers requested by counsel she has approached regarding her case, she merely states that her finances are limited, but has failed to demonstrate that she is indigent. The Plaintiff fails to specifically set forth her efforts to secure counsel, such as how many attorney she has contacted regarding her case and what efforts, if any, she has taken or attempted to take to secure the requested retainers. Furthermore, based upon the limited information set forth in the complaint, the Court is unable to determine whether there is some merit to Plaintiff's claims. However, given Plaintiff's prior experience as a paralegal, the Court believes Plaintiff possesses the ability to sufficiently articulate her claims.[2] As such, Plaintiff's request for appointment of counsel at this stage in the proceedings is DENIED.

IT IS SO ORDERED.

DATED: March 10, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[1] "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

[2] The Court also notes that the Plaintiff states that she has some prior paralegal and legal research experience.